UNITED STATES District Court
District of Rhode Island

Thaddeus Taylor,
Petitioner,

v.

Donna Collins Deputy warden (HSC); James Weeden, warden (HSC) LT. Galligan. (HSC); LT Doyle; A.T. Wall Director, RIDOC, Rhode Department of Corrections; CT Department of Corrections
Respondents,

CASE NO. ______

CA 05 278S

June 21, 2005

PETITION FOR WRIT OF ERROR-CORAM NOBIS; PETITION FOR WRIT ALL WRITS ACT; WRIT OF MANDAMUS: section 2241

The Petitioner Thaddeus Taylor, in his pro se capacity, in the above captioned matter respectfully moves this Honorable Court to grant this "Petition" and Declare that the "disciplinary Hearing" inwhich the Petitioner was subjected to on June 20, 2005 at the "High Security Facility," RI-DOC LT. Doyle "hearing officer" -- inregards to a disciplinary ticket "booking" Prepared by LT. Galligan against the Petitioner on or about June 14, 2005 For Allegedly "circumventing the Chain of Command 207" be vacated and a new disciplinary hearing ordered that affords the Petitioner "due process of Law;" Adequate Assistance of a staff Representative, the opportunity to call requested witness(es) and to have the "hearing officer" a person that is able to provide the Petitioner with an "impartial" and "unbias" fair disciplinary hearing -- unlike LT. Doyle, who was partial, bias and inherently bias as a result of Pending civil litigation against LT. Doyle being a Named defendant along with others from the High Security Facility (RIDOC) see TAYLOR v. CTDOC, RIDOC etal CA05-118T; TAYLOR v. RIDOC, etal 3:05CV747(DJS); TAYLOR v. Collins, etal C.A. 05-265 S-- Same issue Defacto Policies and Customs that Deprived inmates of Due process of Law at Disciplinary Hearings held at the High Security Facility, the Petitioner Moves the Court to Consolidate this matter with C.A. 05-265S)

Specifically, the Petitioner Claims that he was not Allowed to call witness(es), not Allowed to present evidence and document(s) to support his defense case to the "disciplinary ticket", And that he did not have meaningful Assistance of staff Representative as he basically sat there.. and failed to conduct any meaningful Investigation to Assist the Petitioner. The Petitioner Also, Claims that the Hearing officer LT. DOYLE was "Partial and bias" person against the Petitioner and that he was inherently "bias" as a result of the several formal complaints filed against him, including claims of unprofessionalism, threats, harassment.. as well pending civil lawsuit(s) to which he is named. The Petitioner also submits that the RIDOC, "High Security Facility" have de facto policies and customs as stated Above that are unfair, and deprive inmates due Process of Law at All Disciplinary Hearing(s). This is a common and know custom... The Disciplinary Hearing officer (Doyle) Also failed to Adhere and follow the Administrative Policies and procedures for conducting all disciplinary hearings within RIDOC under Morris Rules as codified under RIDOC directives. Accordingly, the Petitioner Moves the Court to VACATE the "guilty" finding of the "RIDOC" and order a New Disciplinary Hearing before an "impartial" hearing officer unbias, and that provides the Petitioner Due process of Law as setforth under Wolf Standards. and Morris Rules (U.S. District Court, RI Consent Agreement (1980))

The petitioner states that the sanctions were 10 days Loss of Good time, 10 Days Loss of visits, 10 days lost telephone and 10 DAYS Punitive segregation. This "guilty finding" also will Adversely effect the petitioner's opportunity to be Release from Incarceration early, Placement in Halfway House Program and chance for Parole.. within Connecticut Department of Corrections indirectly or directly.

For All the Above Mentioned Reason the Petitioner respectfully request the Court grant this petition and VACATE the "guilty finding" and remand the matter for a new Disciplinary Hearing that is consistent with Federal Standards (Due process), Morris Rules (Pursuant to Consent Agreement U.S. District Court RI) Petitioner Request a "hearing" as soon as possible.

(TT) I swear the above statements are true and correct under penalty of perjury, to the best of my knowledge. (TT)

Thaddeus T. [signature]
Thaddeus Taylor #128275
ACI HSC
P.O. Box 8200
Cranston, RI 02920
The Petitioner, pro se

---

[1] The Petitioner request the Court construe this petition liberally and Address the issues as soon as possible.. As He become Eligible for Halfway House Placement on August 23, 2005. Parole hearing on or About September 2005. CT-Department of Corrections. The petitioner is not a Rhode Island DOC Inmate.. only was inducted into the RIDOC on 2/9/05.