UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR

v.                                                                                  C.A. No. 05-278 S

DONNA COLLINS, et al.

### Report and Recommendation

Jacob Hagopian, Senior United States Magistrate Judge

On June 23, 2005, Thaddeus Taylor ("Taylor"), *pro se*, an inmate incarcerated at the Rhode Island Department of Corrections, filed with the Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, Taylor alleges a myriad of due process violations occurring during a June 20, 2005 disciplinary hearing. As relief, Taylor seeks to overturn the disciplinary board's decision to revoke good-time credit. However,

> [b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.

O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)(citation omitted); Preiser v. Rodriguez, 411 U.S. 475, 477 (1973)(observing that "a [habeas corpus] plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts,... ."). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 844-45; see also 28 U.S.C. § 2254(b)(1)(A).

Here, Taylor seeks relief from alleged wrongs that occurred during a disciplinary hearing on June 20, 2005. He filed the instant petition on June 23, 2005, three days later. It is plainly evident

that Taylor did not present the issues asserted in the petition to the state courts for consideration. Accordingly, I recommend that the instant petition be dismissed without prejudice due to a lack of exhaustion. Taylor must first present these claims to the state courts for consideration before proceeding here.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); Local Rule 32. Failure to filed timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986) (per curiam); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
Date: Aug 15, 2005