UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

THADDEUS TAYLOR : CASE NO. C.A. 05-278S

v.

DONNA COLLINS et al : AUGUST 16, 2005

PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The petitioner Thaddeus Taylor, in his pro se capacity, in the above captioned matter respectfully files his objection(s) to the Magistrate Judge's Report and Recommendation dated August 15, 2005[1]; and respectfully request that the U.S. District Judge "reject" the Report and Recommendation and order further proceeding be had.

Specifically, the petitioner respectfully submits that the magistrate Judge err when he construed the petitioner's petition narrowly -- and in particular a section § 2241 (R.R. page 1) -- then used 28 U.S.C. § 2254(b)(1)(A) to state the petitioner must first exhaust these claims to the State Court -- Although, the petitioner is a "lay person"... it was his understanding that only a Federal inmate could file a petition under 28 U.S.C. § 2241, therefore the magistrate misapprended the petition. (The petitioner does not concede that § 2241 is not proper vehicle)

1 The petitioner have moved for the magistrate Judge Hon. Jacob Hagopian, asking to recuse himself as a result of "bias" towards the petitioner in a related matter C.A. 05-118T Taylor v. Connecticut Dept. of Corrections et al (pending) Likewise, the petitioner respectfully moves for this matter to be reassigned to a different magistrate Judge.

The "Petition" itself, as well the circumstances of the petitioner being housed within Rhode Island Department of Corrections-- but not under the "Custody and Care" of the STATE of Rhode Island.. rather he is under the "Care and Custody" of the STATE of Connecticut, as well the Petitioner is a resident of the STATE of Connecticut. The Magistrate Judge apparently overlooked and failed to Consider these facts...inwhich creates an "extraordinary" situation-that actually more Complex then the Magistrate Judge belief. There are NO "STATE Remedies" that are available to the Petitioner in this case. The Petitioner is not a "STATE of Rhode Island inmate", to which the magistrate Judge failed to mention and/or consider, but rather the petitioner by "Contractual agreement-- 'New England Interstate Corrections Compact Agreement" (petitioner was involuntarily transfer to Rhode Island under this agreement) is a STATE of Connecticut inmate and considered in their Custody regardless of where his physical body is housed.

Therefore, the Magistrate Judge err in believing that the STATE of Rhode Island Court Have jurisdiction (over the petitioner) perse when in fact they do not.. thus can not adequately address the petitioner's Concerns --- Likewise,

The Magistrate Judge also err in believing that the petitioner could exhaust his STATE Remedies in Connecticut Court(s).. since the "CT-DOC" have actual custody over the petitioner.. does not have jurisdiction (person) over the Rhode Island Department of Corrections employees.. thus would be unable to grant the sought relief in this petition. There are "NO STATE Remedies" that is available to the petitioner.. with regards to these petition(s) and sought relief to basically overturn the (vacate) "disciplinary hearing proceedings".. and order a new disciplinary hearing in accordance with "due process of law" in all aspects. Accordingly, the Magistrate Judge incorrectly assumed that the petitioner had or have state remedies available to him. The Magistrate Judge should have ordered service and allowed the Respondent(s) to file their "Answer" to the petition first.. to establish the facts.

The Petitioner also argues.. that in anyevent any such STATE Remedies (But see above Argument) that may be available to the petitioner, in light of the circumstances... would be "futile" for the above stated reasons.. the STATE of Rhode Island Court does not have Jurisdiction (person) over Connecticut Department of Corrections; and "VISAVERSA" Connecticut Court(s) does not have (person) Jurisdiction over the Rhode Island "DOC".

therefore.. any state remedy, if available would be ~~exempt~~ "futile" and the petitioner "exempted" in these matters. The petitioner will suffer immediate adverse consequences as a result of this disciplinary proceedings that is the subject of the instant petition-- the petition is eligible for placement in a "Halfway House" on August 23, 2005 and Parole Hearing on or about November, 2005.. that would be affected adversely.. if this Honorable Court do not excercise its Jurisdiction to fully decide this matter on the merits. The petitioner will be subjected to a longer period of incarceration and "irreparable injuries" if forced to proceed in and state proceedings... that can not provide him the sought relief. The Magistrate Judge failed to consider these facts in his report and Recommendation.

Lastly, the petition respectfully submits that the Court could have and should reach the merits of this petition as a writ of Error Coram Nobis; Petition for writ under All Writs Act, 28 USC 1651; writ of Mandamus; Habeas Corpus Ad Faciendum Et Recipiendum.. "Diversity Jurisdiction" and/or in the interest of Justice. For all the above reason(s) the Magistrate Judge's Report and Recommendation should be "rejected" and this matter remanded for further proceedings.

Respectfully Submitted,
[signature] pro se
Thaddeus Taylor #128275
ACI-HSC
P.O. BOX 8200
Cranston, RI 02920

<u>certificate of service</u>

I certify that a copy of this motion was mailed to attorney Patricia Coyne Fogue, 40 Howard Ave, Cranston, RI 02920, on this 18th day of August 2005 - postage prepaid.

[signature]
Thaddeus Taylor pro se