CA 05-278S

# United States Court of Appeals
## For the First Circuit

---

No. 05-2337
05-2342

THADDEUS TAYLOR,

Petitioner, Appellant,

v.

DONNA COLLINS, DEPUTY WARDEN, HSC, ET AL.,

Respondents, Appellees.

---

Before

Torruella, Selya and Lipez,
Circuit Judges.

---

JUDGMENT

Entered: April 17, 2006

Habeas corpus petitioner Thaddeus Taylor is a Connecticut prison inmate who was, for a time, transferred to a Rhode Island prison pursuant to the "New England Interstate Corrections Compact" (the "NEICC"), and a bilateral "Contract for the Implementation of the Interstate Corrections Compact" executed between Connecticut and Rhode Island in 1985. While an inmate in Rhode Island, petitioner incurred disciplinary sanctions that resulted in his temporary segregation and loss of privileges and, he alleges, deprived him of credits against his sentence for good behavior that would allow him to achieve earlier parole in Connecticut.

Almost immediately after being sanctioned, petitioner filed his habeas corpus claims in the United States District Court for the District of Rhode Island, naming as defendants Rhode Island prison officials as well as the Connecticut Department of Corrections. Petitioner has since been transferred back to a facility in Connecticut. He contends that the hearings on his

disciplinary sanctions did not comport with due process, and seeks new hearings, his ultimate goal now apparently being to restore the lost time credits and achieve an earlier release. 28 U.S.C. § 2241.

Before service of process was even achieved, the district court dismissed the petitions on the basis of failure to exhaust state remedies. Petitioner appealed. This court denied a first motion for summary disposition by the respondents, and ordered briefing. The respondents have submitted a second motion for summary disposition, and requested that in the alternative this second motion be treated as their brief. They contend that the case has been mooted by the petitioner's return transfer to Connecticut, making his request for rehearings impossible. They further argue that petitioner did in fact fail to exhaust his state remedies.

As for mootness, the United States Supreme Court has, in a recent decision, indicated that a post-filing transfer of the 'immediate custody' of a prisoner does not affect jurisdiction over a habeas corpus petition. Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004)("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.").

As for exhaustion, petitioner maintains that he had no state remedies to exhaust. An opinion from the Rhode Island Supreme Court concerning prison disciplinary action indicates, at the very least, avenues for challenging the disciplinary hearings are not clear-cut. L'Heureux v. R.I. Dept. of Corr., 708 A.2d 549, 552 (1998)("Neither our statutory law nor our case law provides for judicial review of such proceedings."). The respondents have not suggested any specific or concrete state remedies that petitioner has failed to exhaust. The circumstances (1) that petitioner is a Connecticut prisoner attempting to challenge actions by Rhode Island officials (acting in the stead of Connecticut prison officials) which, petitioner asserts, have negatively impacted his Connecticut release date and (2) that petitioner is now housed in Connecticut complicate the exhaustion issue. Faced with respondents' failure to address what remedies exist for petitioner to exhaust, we conclude that we cannot summarily affirm the dismissal.

We allow respondents to submit their second motion for summary disposition as their brief. We conclude that the procedural defenses raised by the respondents in their second motion for summary disposition are insufficiently documented to bar consideration of the petitioner's habeas corpus claims at this

stage of the proceedings. Accordingly, we vacate the district court's dismissal, without prejudice, and remand for proceedings not inconsistent with this opinion (including, if the district court deems it appropriate, a fuller explanation of the available administrative remedies and/or the exhaustion issue). Each side shall bear its own costs.

By the Court:

Richard Cushing Donovan, Clerk.

By: JULIE GREGG
Operations Manager.

CERTIFIED COPY
I HEREBY CERTIFY THIS DOCUMENT IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE AND IN MY LEGAL CUSTODY.

FIRST CIRCUIT COURT OF APPEALS
BOSTON, MA
By: J. Calardo Date: 4.17.06

[Certified Copies: Honorable William E. Smith, David DiMarzio, Clerk]

[cc: Thaddeus Taylor, Patrick Lynch, AG, Richard L. Blumenthal, AAG, Kathleen M. Kelly, Esq.]